**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **ERIC and TAMMY KINGSTON,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **CO., AS TRUSTEE FOR NOVASTAR** | § | |
| **MORTGAGE FUNDING TRUST, SERIES** | § | **CIVIL ACTION NO. 3:18-cv-00212** |
| **2007-1 NOVASTAR HOME EQUITY** | § | |
| **LOAN ASSET-BACKED** | § | |
| **CERTIFICATES, SERIES 2007-1, AND** | § | |
| **OCWEN LOAN SERVICING, LLC,** | § | |
| | § | |
| *Defendants*. | § | |

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. § 1332 and § 1441, Defendants Deutsche Bank R NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1 ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants") remove this action from the 10th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, as follows:

**I.    STATE COURT ACTION**

1.    On July 2, 2018, Plaintiffs Eric Kingston and Tammy Kingston ("Plaintiffs") filed their *Original Petition and Request for Disclosures* ("Petition") in the 10th Judicial District Court in Galveston County, Texas, styled: *Eric and Tammy Kingston vs. Deutsche Bank National Trust Co., as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Home*

*Equity Loan Asset-Backed Certificates, Series 2007-1, and Ocwen Loan Servicing, LLC*, Cause No. 18-CV-0869 (the "State Court Action").

2.    In the State Court Action, Plaintiffs allege Texas Constitutional violations arising from alleged defects in the origination of their home equity loan. *See* Pls.' Orig. Pet. ¶ 13. Plaintiffs bring a breach of contract, suit to remove cloud and quiet title, and seek declaratory and injunctive relief, in addition to attorneys' fees. *Id.* ¶¶ 14-26, 28-29.

3.    Defendants were served on July 6, 2018, and as such, this removal is timely under 28 U.S.C. § 1446(b).

## II.    PROCEDURAL REQUIREMENTS

4.    This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(1).

5.    Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court Docket Sheet |
| **D-1:** | Original Petition and Civil Case Information Sheet |
| **D-2:** | Request for Issuance of Service (Deutsche Bank) |
| **D-3:** | Request for Issuance of Service (Ocwen) |
| **D-4:** | Status Conference Sheet |
| **D-5:** | Citation Issuance (Deutsche Bank) |
| **D-6:** | Citation Issuance (Ocwen) |

**D-7:**   Return of Service (Deutsche Bank)

**D-8:**   Return of Service (Ocwen)

**D-9:** Notice of Case Setting/Action

**D-10:** Defendants' Original Answer and Affirmative Defenses

**Exhibit E**       Galveston County Appraisal District Property information

6.       In connection with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 10th Judicial District Court of Galveston County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.    BASIS OF REMOVAL – DIVERSITY JURISDICTION

7.       Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiffs are not citizens of the same state as Defendants.  Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

**A.    THERE IS COMPLETE DIVERSITY AMONG THE PARTIES**

8.       Plaintiffs are natural persons so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely."  *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).  Plaintiffs are domiciled in Texas.  *See* Ex. D-1 ¶ 4.  Thus, Plaintiffs are citizens of Texas.

9.       As Trustee, Deutsche Bank's citizenship controls for diversity purposes.  *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship

of its trustee.") (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)).   In *Wachovia Bank, N.A. v. Schmidt*, the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located.   546 U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348.   Deutsche Bank is a national banking association organized under federal law with its main office in California, as designated in its Articles of Association.   Therefore, Deutsche Bank is a citizen of California for diversity purposes.   28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 318.

10.     Defendant Ocwen is a limited liability corporation.   Thus, its citizenship for diversity purposes is determined by the citizenship of its members.   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).   Ocwen is wholly-owned by, and its sole member is, Ocwen Mortgage Servicing, Inc. ("OMS"), which is a corporation.   A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.   28 U.S.C. § 1332(c)(1).   OMS is incorporated in and has its principal place of business in the U.S. Virgin Islands.   Thus, Ocwen is a citizen of the U.S. Virgin Islands for diversity purposes.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

11.     Where there is complete diversity among parties, and where the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.   *See* 28 U.S.C. § 1332(a).

12.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.   *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13

(5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

13.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 340, 342 n.2 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

14.    Further, the Court may also consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for exemplary damages and potential recovery pursuant to Texas Civil Practice and Remedies Code

§ 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees … such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

15.     Here, the amount in controversy is readily apparent on the face of the Petition. Plaintiffs seek to preclude Defendants from foreclosing on the Property. *See* Ex. D-1. As a result, the entire value of the Property is squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue when an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortg. LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48. According to the Galveston County Appraisal District, the Property is currently valued at $312,277.00. *See* Ex. E.[1] The Property value must be included in the amount in controversy. Thus, it is clear that the amount in controversy greatly exceeds the $75,000 jurisdictional minimum.

16.     Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

---

1 Defendants respectfully request that the Court take judicial notice of the Galveston County Appraisal District Property Value, pursuant to Federal Rule of Evidence 201.

## IV.    CONCLUSION

WHEREFORE, Defendants remove this action from the 10th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Nicola M. Shiels*

**Robert T. Mowrey (Attorney-in-Charge)**
State Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661
S.D. Bar No. 27943
aanthony@lockelord.com
**Nicola M. Shiels**
State Bar No. 24037489
S.D. Bar No. 2936105
nicola.shiels@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of July 2018, a true and correct copy of the foregoing document was served on Plaintiffs pursuant to the Federal Rules of Civil Procedure.

Robert "Chip" C. Lane
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
*Attorneys for Plaintiff*

*/s/ Nicola M. Shiels*

Nicola M. Shiels